UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM KERR

Plaintiff,

-v-

5:25-CV-1647 (LEK/MJK)
5:25-CV-1648 (LEK/MJK)
5:25-CV-1650 (LEK/MJK)

SYRACUSE POLICE DEPARTMENT, *et al.*,

Defendants.

---

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On November 24, 2025, Plaintiff William Kerr commenced these actions by filing three complaints alleging that Defendants Syracuse Police Department, Derek Montressor, Matthew Malinowski, Darrel West, Michael DaSilva, Montserrat Garcia, Officer Goldberg, Funny Bone Comedy Club, Destiny USA Mall, Kempton Taylor, Geraldo Arroyo, Rob El Camino, Jason Duell, and Phil Philbrick violated Plaintiff's constitutional rights as well as various provisions of state law. *See* 5:25-CV-1647, Dkt. No. 1 ("Complaint 1"); 5:25-CV-1648, Dkt. No. 1 ("Complaint 2"); 5:25-CV-1650, Dkt. No. 1 ("Complaint 3"). Plaintiff also filed "Motions for sanctions for spoliation of evidence" in each case. *See* 5:25-CV-1647, Dkt. No. 4; 5:25-CV-1648, Dkt. No. 3; 5:25-CV-1650, Dkt. No. 4.

On December 19, 2025, the Honorable Mitchell J. Katz, United States Magistrate Judge, issued an Order & Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), recommending that the Complaints be dismissed in part. Dkt. No. 7[1] ("Report and

---

[1] Citations to the docket in this Memorandum-Decision and Order refer to 5:25-CV-1647.

Recommendation”). On January 13, 2026, Plaintiff filed objections to Judge Katz’s Report and Recommendation. Dkt. No. 8 (“Objections”).

For the reasons that follow, the Court partially adopts the Report and Recommendation.

## II. BACKGROUND

The Court assumes familiarity with the factual and procedural background detailed in the Report and Recommendation. R. & R. at 4–7.

## III. LEGAL STANDARD

“Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges.” *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge’s report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that “*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made.” *A.V. by Versace Inc.*, 191 F. Supp. 2d at 406.

“A proper objection must be specific.” *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F. 4th 349, 359 (2d Cir 2025). To be ‘specific,’ the objection must, with particularity, ‘identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection

and [2] the basis for the objection.'" *Nutt v. New York*, No. 12-CV-385, 2012 WL 4006408, at *1 (N.D.N.Y. Sept. 12, 2012) (quoting N.D.N.Y. L.R. 72.1(c)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections . . . the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[a] proper objection must be timely. Failure to timely object may 'operate[] as a [forfeiture] of further judicial review' of the magistrate judge's decision." *Nambiar*, 158 F. 4th at 359 (citing *Mario v. P&C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *DiPilato*, 662 F. Supp. 2d at 340 (quoting *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato*, 662 F. Supp. 2d at 340 (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008), *aff'd*, 367 F. App'x 210 (2d Cir. 2010)).

## IV. DISCUSSION

In his objections, Plaintiff argues that the Magistrate Judge erred in recommending the dismissal of Plaintiff's false arrest, substantive due process, and negligence claims in Complaint

1, as well as the dismissal of Complaints 2 and 3. *See* Obj. As these objections are specific, the Court will review them *de novo*. *See DiPilato*, 662 F. Supp. 2d at 339.

**A. False Arrest/Unreasonable Seizure**

First, Plaintiff objects to the Magistrate Judge's recommendation of dismissal of Plaintiff's "false arrest claim." Obj. at 1. Plaintiff argues that "[a] Fourth Amendment seizure does not require formal booking or transport . . . [and] [t]he deployment of a taser and physical restraint constitutes a seizure under settled Second Circuit Law." *Id.*

"In analyzing § 1983 false arrest claims, [courts] look to the law of the state in which the arrest occurred." *Guan v. City of New York*, 37 F.4th 797, 804 (2d Cir. 2022). "In New York, to prevail on a false arrest claim, a plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Guan*, 37 F.4th at 804 (quoting *Curry v. City of Syracuse*, 316 F.3d 324, 355 (2d Cir. 2003)). Actual confinement is therefore a precondition to bringing a successful false arrest claim in New York. *See id.*

Here, Plaintiff has not alleged that he was arrested or confined, and therefore does not make out a claim for false arrest. *See* Compl. 1. However, in Complaint 1 Plaintiff notes that he is bringing an "unreasonable seizure claim" against Defendants, which the Magistrate Judge construed as a false arrest claim. *Id.* at 5; R. & R. at 7 n.3. When a plaintiff brings a Section 1983 claim for an unreasonable seizure, the court examines "whether there has been a constitutionally cognizable seizure" and whether it was reasonable in balancing "the nature and quality of the intrusion on the individual's fourth amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Doe v. Bridgeport Police Dep't*, No. 00-

CV-2167, 2000 WL 33116540, at *5 (D. Conn. Nov. 15, 2000); *Carroll v. Cnty. of Monroe*, 712 F.3d 649, 651 (2d Cir. 2013).

Alternatively construing Plaintiff's false arrest claim as an unreasonable seizure claim, and assuming that there was indeed a seizure, Plaintiff still has not adequately alleged that the seizure was unreasonable. That is, Plaintiff has not alleged that the intrusion on his Fourth Amendment interests was unreasonable in relation to the importance of the governmental interests allegedly justifying the intrusion. *See Doe*, 2000 WL 33116540, at *5. Although Plaintiff alleges that the officers were told "false accusations," he does state that the officers were nonetheless provided information and believed that Plaintiff was "causing trouble." Compl. 1 at 3. Defendants seizing Plaintiff may therefore be reasonable even if it was "based on mistaken information, so long as the . . . officer[s] acted reasonably and in good faith in relying on that information." *Sheikh v. Port Auth. of New York & New Jersey*, No. 24-CV-6309, 2026 WL 2593308, at *5 (E.D.N.Y. Sept. 2, 2026) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)).

Accordingly, the Court denies Plaintiff's first objection and adopts the relevant portion of the Report and Recommendation recommending dismissal of Complaint 1's false arrest claim.

**B. Substantive Due Process**

Plaintiff's second objection is that the Magistrate Judge erred when he recommended dismissal of Plaintiff's "substantive due process claim as duplicative of his Fourth Amendment claim." Obj. at 2. Plaintiff argues that "[a]t the pleading stage, alternative constitutional theories are permitted," and "[t]he Court improperly resolved constitutional classification issues during screening." *Id.* The Court disagrees.

"The Due Process Clause guarantees more than fair process, and the 'liberty' it protects includes more than the absence of physical restraint." *Washington v. Glucksberg*, 521 U.S. 702, 719 (1997) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)). Indeed, it "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Id.* at 720. In a line of cases, the Supreme Court has recognized that the "liberty" protected by the Fourteenth Amendment includes: "the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, [and] to bodily integrity." *Id.* (citations omitted) (collecting cases).

However, outside of these discrete contexts, the Supreme Court has cautioned courts to use extreme caution in finding violations of substantive due process. *See, e.g.*, *id.* In the context of excessive force claims, the Court has stated that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' . . . should be analyzed under the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Under this rule, substantive due process claims must [therefore] be dismissed where they are merely duplicative of [Fourth Amendment] claims." *See Roman v. Velleca*, No. 11-CV-1867, 2012 WL 4445475, at *10 (D. Conn. Sept. 25, 2012) (citing *Kia P. v. McIntyre*, 235 F.3d 749, 758 (2d Cir. 2000)).

Construed liberally, Plaintiff's Fourteenth Amendment claim is that the Police Defendants violated his right to be free from excessive force. *See* Compl. 1. The Court finds this claim to be entirely duplicative of his Fourth Amendment excessive force claim. *See id.* And accordingly, the Court finds that the Magistrate Judge did not err in recommending its dismissal on those grounds.

Plaintiff makes a secondary argument that the Magistrate Judge erred in recommending dismissal as "constitutional classification issues" should not be resolved at the screening stage. Obj. at 2. The Court is not persuaded. At the screening stage, a court is permitted to dismiss a case where a Plaintiff "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii). To the extent that Plaintiff's reference to "constitutional classification issues" refers to a new context of substantive due process rights, not recognized by the Supreme Court, he does not plead a claim for which relief may be granted. *See Washington*, 521 U.S. at 720 (noting that courts should "exercise the utmost care whenever we are asked to break new ground in this field").

Accordingly, the Court denies this objection and adopts the relevant portion of the Report and Recommendation.

**C. Negligence**

Plaintiff's third objection is that the Magistrate Judge erred in recommending dismissal of Plaintiff's negligence claim in Complaint 1 because the Magistrate Judge "applie[d] an overly strict [reading] of Rule 8." Obj. at 2.

Rule 8 requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In New York, a plaintiff bringing a negligence claim must plausibly allege: "(1) that the defendant owed the plaintiff a duty of care; (2) that the defendant breached that duty; and (3) that the plaintiff suffered damages as a proximate result of that breach." *Peters v. Whole Foods Mkt. Grp., Inc.*, 801 F. Supp. 3d 209, 212–13 (S.D.N.Y. 2025) (quoting *Casiano v. Target Stores*, No. 06-CV-6286, 2009 WL 3246836, at *3 (E.D.N.Y. Sept. 24, 2009)).

Here, as Judge Katz recognized in his thoughtful and well considered Report and Recommendation, Plaintiff failed to plausibly allege "the duty defendants owed him, whether that duty was breached, the proximate result of the breach, and damages." R. & R. at 18. Indeed, Plaintiff's "failure to plead any element" of his claim is fatal. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Court therefore finds that Judge Katz appropriately applied Rule 8, dismisses Plaintiff's objection, and adopts the relevant portion of the Report and Recommendation.

**D. Subject Matter Jurisdiction**

Plaintiff's fourth objection is that the Magistrate Judge erred when he recommended dismissing Complaint 2 for lack of subject matter jurisdiction, and failure to allege state action. Obj. at 2. Plaintiff argues that "[t]he Report fail[ed] to consider the joint-action and willful-participation doctrine." *Id.* The Court is not persuaded.

"Subject-matter jurisdiction defines the court's authority to hear a given type of case." *United States v. Morton*, 467 U.S. 822, 828 (1984). Therefore, where a court lacks subject matter jurisdiction, it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) exists only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

Here, as Judge Katz correctly recognized, Plaintiff alleges that he is a resident of New York, and Funny Bone, Destiny USA, Taylor, Arroyo, and El Camino are likewise citizens of New York. R. & R. at 20; Compl. 2. at 2–3. Plaintiff's objections regarding the "joint-action and willful-participation doctrine[s]" are immaterial, as there is no diversity of citizenship and thus the Court lacks jurisdiction under § 1332(a)(1). *See* Obj. at 2; 28 U.S.C. § 1332(a)(1).

Accordingly, the Court denies Plaintiff's objection and adopts the relevant portion of the Report and Recommendation.

**E. Leave to Amend**

Plaintiff's final objection is that the Magistrate Judge erred in recommending that the Court dismiss Complaint 3 for failure to allege action under the color of law. Obj. at 2. Plaintiff argues that dismissal without leave to amend was improper. *Id.*

The Report and Recommendation, however, recommends that "this Court should dismiss Kerr's Complaint *without prejudice* and *with leave to amend*." R. & R. at 22. As Plaintiff does not raise any issues with the Report and Recommendation's conclusions, the Court denies Plaintiff's objections. Accordingly, the Court adopts the relevant portion of the Report and Recommendation.

**F. Failure to Intervene**

Reviewing the remaining unobjected portions of the Report and Recommendation for clear error, the Court finds that the Magistrate Judge erred in recommending that the Court allow Plaintiff's failure to intervene claim to proceed. *See* R. & R. at 12–14.

The Second Circuit has recognized that "all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). "To succeed on a failure to intervene claim, a plaintiff must demonstrate that: (1) the defendant had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the defendant's position would have known that the plaintiff's constitutional rights were being violated; and (3) the defendant did not take reasonable steps to intervene." *Cornell v. Village of Clayton*, 691 F. Supp. 3d 608, 620 (N.D.N.Y. 2023) (citing *Wagner v. Hyra*, 662 F. Supp. 3d

274, 285–86 (N.D.N.Y. 2023)). Moreover, an officer must not have been a "direct participant in the allegedly excessive use of force," as in that case "the failure to intervene theory of liability is inapplicable." *Cuellar v. Love*, No. 11-CV-3632, 2014 WL 1486458, at *8 (S.D.N.Y. Apr. 11, 2014) (collecting cases). However, where a plaintiff pleads in the alternative, "[c]laims for excessive force and failure to intervene to prevent the use of excessive force may proceed simultaneously." *Campbell v. City of Yonkers*, No. 19-CV-2117, 2020 WL 5548784, at *10 (S.D.N.Y. Sept. 16, 2020) (citing *Cumberbatch v. Port Auth. of N.Y. & N.J.*, 2006 WL 3543670, at *11 (S.D.N.Y. Dec. 5, 2006))

Here, Plaintiff has failed to sufficiently make plausible allegations that support a failure to intervene claim. *See* Compl. 1. In Complaint 1, Plaintiff merely alleges that Defendants were involved in the alleged use of force incident. *Id.* ¶¶ 7–12. He does not, however, plead that Defendants had a realistic opportunity to intervene, or that Defendants failed to take steps to intervene. *See Cornell*, 691 F. Supp. at 620. As a failure to plead an element of a claim is fatal to that claim, *see Ashcroft*, 556 U.S. at 678, the Court dismisses Plaintiff's failure to intervene claim in Complaint 1.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Clerk shall designate 5:25-CV-1647 as the lead case, and 5:25-CV-1648 and 5:25-CV-1650 as member cases. All future filings shall be filed in the lead case; and it is further

**ORDERED**, that the Report and Recommendation, Dkt. No. 7, is **APPROVED and ADOPTED in Part**, and it is further

**ORDERED**, that Plaintiff's excessive force claim in Complaint 5:25-CV-1647 **SURVIVES sua sponte review** and requires a response; and it is further

**ORDERED,** Plaintiff's failure to intervene claim in Complaint 5:25-CV-1647 is **DISMISSED without prejudice and with leave to amend**; and it is further

**ORDERED,** that Plaintiff's false arrest claim in Complaint 5:25-CV-1647 is **DISMISSED without prejudice and with leave to amend**; and it is further

**ORDERED**, that Plaintiff's due process claim in Complaint 5:25-CV-1647 is **DISMISSED without prejudice and with leave to amend**; and it is further

**ORDERED**, that Plaintiff's negligence claim in Complaint 5:25-CV-1647 is **DISMISSED without prejudice and with leave to amend**; and it is further

**ORDERED**, that Complaint 5:25-CV-1648 is **DISMISSED without prejudice and with leave to amend**; and it is further

**ORDERED**, that Complaint 5:25-CV-1650 is **DISMISSED without prejudice and with leave to amend**; and it is further

**ORDERED**, that Plaintiff's motions for spoilation of evidence, 5:25-CV-1647, Dkt. No. 4, 5:25-CV-1648, Dkt. No. 3, 5-25-CV-1650, Dkt. No. 4, are **DISMISSED without prejudice and with leave to amend**; and it is further

**ORDERED**, that if Plaintiff wishes to file an amended complaint, he shall have thirty (30) days from the date of the filing of this Memorandum-Decision and Order; and it is further

**ORDERED**, that if Plaintiff timely files an amended complaint, this matter shall be returned to the Court for further review; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that Plaintiff's failure to intervene, false arrest, due

process, and negligence claims in Complaint 5:25-CV-1647, as well as Complaint 5:25-CV-1648 and Complaint 5:25-CV-1650, are **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for failure to comply with this Memorandum-Decision and Order; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall issue summonses as to Defendants and forward them, along with copies of Complaint 5:25-CV-1647, packets containing General Order 25, which sets forth this district's Civil Case Management Plan, and copies of this Memorandum-Decision and Order to the United States Marshal for service upon Defendants regarding Plaintiff's remaining excessive force claim to which a response is required; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: October 17, 2026
Albany, New York

LAWRENCE E. KAHN
United States District Judge